ORIGINAL



1  Ronald J. Souza (SBN 62862)
   Bruce E. Weisenberg (SBN 260521)
2  LYNCH, GILARDI & GRUMMER
   A Professional Corporation
3  170 Columbus Avenue, 5th Floor
   San Francisco, CA 94133
4  Telephone:    (415) 397-2800
   Facsimile:    (415) 397-0937
5  Email:        rsouza@lgglaw.com
                 bweisenberg@lgglaw.com
6
7  Attorneys for Plaintiff
   BRIAN LANTZ

8           IN THE UNITED STATES DISTRICT COURT

9           FOR THE NORTHERN DISTRICT OF CALIFORNIA

10 BRIAN LANTZ, an individual,          Case No.: CV 13 3288

11         Plaintiff,                   COMPLAINT FOR DAMAGES:

12    v.                                • **Disability Discrimination in Violation
                                          of the Americans with Disability Act;**
13 EMPIRE NISSAN OF SANTA ROSA,         • **Disability Discrimination in Violation
   LLC, a California limited liability    of the Fair Employment and Housing
14 company; NISSAN NORTH AMERICA,         Act;**
   INC., a corporation,                 • **Failure to Engage in Interactive
15                                        Process/Refusal to Make Reasonable
           Defendants.                    Accommodation – ADA;**
16                                      • **Failure to Engage in Interactive
                                          Process/Refusal to Make Reasonable
17                                        Accommodation – FEHA;**
                                        • **Interference/Violation of Family
18                                        Medical Leave Act;**
                                        • **Violation of California Family Rights
19                                        Act;**
                                        • **Retaliation;**
20                                      • **Wrongful Termination in Violation of
                                          Public Policy;**
21                                      • **California Labor Code Violations;**
                                        • **Unfair Business Practices.**
22
                                        **DEMAND FOR JURY TRIAL**
23

24                        **INTRODUCTION**

25     1.    Plaintiff BRIAN LANTZ (herein LANTZ) was an employee of Defendants EMPIRE

26 NISSAN OF SANTA ROSA, LLC (herein "NSR") and NISSAN NORTH AMERICA, INC. (herein

27 "NNA") (collectively herein "NISSAN") for six and a half years before his employment was

28 wrongfully terminated on October 25, 2010. The termination was in response to LANTZ's need to

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

COMPLAINT                                                                    1

1 take time off for treatment relating to an on-the-job injury and in retaliation for making two

2 complaints to the California Department of Industrial Relations, Division of Occupational Safety

3 and Health (Cal/OSHA) about the very condition that caused his injury. LANTZ was denied

4 protected leave pursuant to the Family and Medical Leave Act (FMLA) and the California Family

5 Rights Act (CFRA). During LANTZ's employment, NISSAN also failed to accommodate

6 LANTZ's disability or engage in the interactive process as to LANTZ's request for accommodation

7 of his disability in violation of the Americans with Disability Act (ADA) and California Fair

8 Employment and Housing Act (FEHA).

9 **PARTIES**

10 2. Plaintiff BRIAN LANTZ, an individual, is a resident of the State of California and was

11 a sales and service associate employed by EMPIRE NISSAN OF SANTA ROSA, LLC, and

12 NISSAN NORTH AMERICA, INC.

13 3. On information and belief, EMPIRE NISSAN OF SANTA ROSA, LLC, is and at all

14 times herein mentioned was, a limited liability company organized and existing under the laws of

15 the State of California and qualified to do, and transacting, business in California and with a

16 principle place of business in Santa Rosa, California.

17 4. On information and belief, NISSAN NORTH AMERICA, INC., is and at all times

18 herein mentioned was, a corporation organized and existing under the laws of the State of California

19 and qualified to do business in California, with its home office for U.S. Operations in Smyra,

20 Tennessee. NISSAN NORTH AMERICA, INC. supervised Plaintiff and EMPIRE NISSAN OF

21 SANTA ROSA, LLC (collectively herein "NISSAN"), as to Plaintiff's employment thereby making

22 it Plaintiff's joint employer at all times herein mentioned.

23 5. At all relevant times, LANTZ was an employee of NISSAN with more than one year of

24 service and had worked at least 1250 hours in the year prior to his need to take medical leave under

25 the FMLA.

26 6. On information and belief, NISSAN was an employer within the meaning of FMLA

27 employing 50 or more persons within 75 miles of LANTZ's workplace.

28 ///

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

COMPLAINT 2

## JURISDICTION

7.   Jurisdiction in the United States District Court for the Northern District of California is proper pursuant to 28 U.S.C. § 1331.

8.   The United States District Court for the Northern District of California has supplemental jurisdiction over state claims alleged herein pursuant to 28 U.S.C. § 1367.

## INTRADISTRICT ASSIGNMENT

9.   As NISSAN is domiciled and does business in Sonoma County, the underlying events of this lawsuit occurred in Sonoma County and witnesses as well as records relevant to the action are maintained in Sonoma County, and venue is proper in the San Francisco or Oakland Division of the Northern District of California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

10.   LANTZ has filed a complaint with the U.S. Equal Employment Opportunity Commission (EEOC) all necessary papers relating to his claims of discrimination and retaliation.

11.   After an investigation, the EEOC issued a finding that, "[b]ased on the evidence of the record, I find that the Respondent did deny the Charging Party a reasonable accommodation and discharged him in retaliation for engaging in protected activities and because of his disability." (See attached **Exhibit A**)

12.   LANTZ has obtained a "right to sue" letter from the EEOC.

## GENERAL ALLEGATIONS

13.   LANTZ hereby incorporates each of the foregoing paragraphs to the same extent as though fully set forth herein.

14.   LANTZ was employed by NISSAN as a warranty administrator, and then as a service writer, for approximately six-and-a-half years, beginning in April of 2004.  His performance during that time was exemplary and he was not subject to any formal discipline.

15.   On May 15, 2009, after his usual quitting time, LANTZ stayed after work to assist moving some company equipment from storage.  While on the NISSAN premises, moving company equipment, LANTZ fell, causing a tear to the meniscus of his left knee.

///

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

COMPLAINT                                                                                         3

16.  When LANTZ reported that injury to NISSAN, his General Manager informed him that he was off the clock and that he could not file a claim because available workers' compensation insurance did not cover that injury.  He therefore obtained treatment at his own expense.

17.  The knee injury led to surgery and needed time off.  His doctor instructed that he take time off work but LANTZ's Service Manager insisted that he work from home while in recovery and on pain medication.  Later, his General Manager reprimanded him harshly regarding the time that he had taken off for the knee surgery and recovery.

18.  On October 6, 2009, LANTZ underwent an emergency appendectomy which caused his doctor to instruct him to remain off work for 14-21 days.  But his Service Manager requested that he begin working at home on October 10th.  In November 2009, LANTZ's General Manager again reprimanded him this time in front of his co-workers for taking excessive time off work.

19.  On January 15, 2010, LANTZ's doctor prescribed treatment for an anxiety disorder resulting from the harassment that he had received related to his time off work.  In response to time off for this treatment, LANTZ's Service Manager advised him that his time off work posed a burden on co-workers at NISSAN.  LANTZ complained, in writing, about the harassment and abuse he had endured for taking needed time off for medical treatment.

20.  In February 2010, Plaintiff LANTZ requested medical leave under the Family and Medical Leave Act and/or the California Family Rights Act, but this request was denied for the stated reason that NISSAN did not have sufficient number of employees to qualify as a covered employer required to provide protected medical leave.

21.  As a service writer, LANTZ was required to routinely walk through the service area of the dealership onto the sales/office floor.  While walking through the service area, LANTZ would step in oil and grease that then made walking on the sales/office area linoleum floor extremely slippery.

22.  In February 2010, LANTZ reported the aforementioned hazardous work condition to OSHA.  OSHA investigated and cited NISSAN for that condition.

23.  Despite the investigation and citation, NISSAN failed to correct the hazardous work condition.

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

24. On May 18, 2010, LANTZ slipped and fell due to the same slippery floor condition that he had earlier reported to OSHA.

25. LANTZ sustained a torn meniscus in his knee during the fall and was eventually required to undergo surgery to repair the tear. He also sustained a sprained back and ankle as well as contusions to his head and hip.

26. LANTZ again reported the ongoing hazardous work condition to Cal/OSHA, resulting in a second investigation and a second fine.

27. Plaintiff was required to take time off to recover from the surgery on his knee. He attempted to return to work on June 16, 2010 but found that he was still unable to bend down or squat due to his recovering knee injury. He therefore requested a temporary accommodation. That co-workers bring him information on cars brought in for service and that he be given a stool to sit on at a counter while doing the paperwork on those cars that his job required. That request was denied by LANTZ's Service Manager who told him that if he couldn't do his job he should go home. LANTZ was willing and able to fully perform his job duties with the aforementioned accommodations, which would have been only temporary.

28. After his requested accommodation was refused, LANTZ took leave to recover from his injuries, intending to return full time and without accommodation when he was able. The time off was taken pursuant to written doctors' orders that were given to NISSAN.

29. On October 25, 2010, five months after his on-the-job injury and complaint to Cal/OSHA, LANTZ's employment was terminated. The stated grounds for the termination was job abandonment despite the fact that he was off work on doctor's orders, which had been given to NISSAN. LANTZ had intended to return to full duty the week after his termination.

30. LANTZ was initially employed as a warranty administrator and eventually promoted to the position of service writer. As a service writer, LANTZ was responsible for writing up customers' service orders and following those service orders through to completion.

31. LANTZ was initially compensated on an hourly basis but his compensation was changed to a "draw plus commission" structure when he was promoted to service writer.

///

Lynch, Gilardi
& Grammer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

1    32.  LANTZ was required to punch a time clock daily and sign a "meal and rest break

2  waiver" under the threat that he would lose his job if he did not do so. Similarly, he was forced to

3  sign timecards indicating that he had received his meal and rest breaks, when in fact he was often

4  not permitted to take meal and rest breaks.

5    33.  LANTZ's job duties did not permit him to take regular rest breaks or uninterrupted

6  meal breaks.  He was never paid overtime wages despite regularly working over eight hours in a

7  day and over forty hours in a week.

8    34.  LANTZ complained about the denial of overtime wages and meal and rest breaks in a

9  letter addressed to NISSAN dated January 16, 2010.

10                              FIRST CAUSE OF ACTION
                  [Disability Discrimination in Violation of the ADA]
11

12    35.  Plaintiff LANTZ hereby incorporates each of the foregoing paragraphs to the same

13  extent as though fully set forth herein. As a First Cause of Action, Plaintiff LANTZ complains

14  against NISSAN and for a cause of action alleges:

15    36.  The Americans with Disabilities Act (ADA) and Americans with Disabilities Act

16  Amendments Act of 2009 (ADAAA) prohibits an employer from discriminating or harassing its

17  employees in compensation or in the terms, conditions, and privileges of employment on the basis

18  of disability pursuant to 42 USC § 12112(a).  The ADA adopts the enforcement mechanisms and

19  remedies under Title VII of the Civil Rights Act of 1964.

20    37.  NISSAN at all times material herein was LANTZ's employer and a "covered entity" as

21  that term is used in 42 USC §12112, and was therefore barred from discriminating or harassing in

22  its employment decisions on the basis of a physical or mental disability pursuant to 42 USC

23  § 12112(a).

24    38.  LANTZ was disabled and thus subject to the protection of the ADA and ADAAA.

25  NISSAN knew of LANTZ's disability and/or regarded LANTZ as disabled.

26    39.  At all times herein mentioned, LANTZ was qualified to do his position at NISSAN and

27  able to perform the essential functions of the job with temporary accommodation at times.

28  ///

COMPLAINT                                                                        6

1    Nonetheless, NISSAN discriminated and harassed LANTZ based upon his disability and/or his

2    perceived disability, in violation of 42 USC § 12112(a).

3        40.   As a direct and legal result of NISSAN's discriminatory and harassing actions against

4    him, LANTZ has suffered severe emotional distress and physical symptoms, pain and suffering, lost

5    past and future income and related benefits, and past and future medical expenses.  He also has and

6    will incur attorney fees and legal expenses in prosecuting his rights as more fully set forth herein.

7        41.   The acts taken toward LANTZ were carried out by and/or ratified by NISSAN and/or

8    managing agent employees of NISSAN acting in an oppressive, fraudulent, and malicious manner

9    in order to injure or damage LANTZ, thereby justifying an award to him of punitive damages in a

10   sum appropriate to punish and make an example of NISSAN.

11       42.   Wherefore, LANTZ has been damaged as more fully set forth herein and requests relief

12   as hereafter stated.

### SECOND CAUSE OF ACTION
### [Disability Discrimination in Violation of the FEHA]

15       43.   Plaintiff LANTZ hereby incorporates each of the foregoing paragraphs to the same

16   extent as though fully set forth herein. As a Second Cause of Action, Plaintiff LANTZ complains

17   against NISSAN and for a cause of action alleges:

18       44.   FEHA explicitly prohibits an employer from harassing or discharging a person from

19   employment, or discriminating against such person regarding the terms, conditions or privileges of

20   employment on the basis of a physical or mental disability, pursuant to Govt. Code § 12940(a).

21       45.   NISSAN at all times material herein was LANTZ's employer pursuant to Govt. Code

22   § 12926(d) and was therefore barred from discriminating in its employment decisions on the basis

23   of a physical or mental disability pursuant to Govt. Code § 12940(a).

24       46.   At all times herein mentioned, LANTZ was qualified for his position at NISSAN.

25   Nonetheless, as set forth above, NISSAN discriminated against LANTZ based upon his disability,

26   in violation of Govt. Code § 12940(a).

27       47.   Wherefore, LANTZ has been damaged as more fully set forth herein and requests relief

28   as hereafter stated.

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

1

2

### THIRD CAUSE OF ACTION
**[Failure to Engage in Interactive Process/Refusal to Make Reasonable Accommodation - ADA]**

3   48.  Plaintiff LANTZ hereby incorporates each of the foregoing paragraphs to the same

4   extent as though fully set forth herein. As a Third Cause of Action, Plaintiff LANTZ complains

5   against NISSAN and for a cause of action alleges:

6   49.  LANTZ made specific and direct requests for reasonable accommodation, which would

7   have been feasible and possible under the circumstances, and would not have eliminated any of the

8   essential functions of the service writer position. The requested accommodations were only

9   temporary in nature.

10   50.  The ADA requires an employer to engage in an interactive process to make reasonable

11   accommodation for the known or perceived physical or mental disability of an employee. 42 USC

12   §§ 12111(8)-(9).

13   51.  NISSAN at all times material herein was LANTZ's employer and a "covered entity" as

14   that term is used in 42 USC §12112, and was therefore required to make reasonable accommodation

15   for LANTZ disability, which was known by NISSAN.  Nevertheless, NISSAN failed to do so. By

16   its failure to provide a reasonable accommodation, NISSAN's actions materially and adversely

17   affected the terms, conditions, and privileges of LANTZ's employment, and eventually led to his

18   termination.

19   52.  Wherefore, LANTZ has been damaged as more fully set forth herein and requests relief

20   as hereafter stated.

21

22

### FOURTH CAUSE OF ACTION
**[Failure to Engage in Interactive Process/Refusal to Make Reasonable Accommodation - FEHA]**

23   53.  Plaintiff LANTZ hereby incorporates each of the foregoing paragraphs to the same

24   extent as though fully set forth herein. As a Fourth Cause of Action, Plaintiff LANTZ complains

25   against NISSAN and for a cause of action alleges:

26   54.  FEHA requires an employer to "make reasonable accommodation for the known

27   physical or mental disability of an applicant or employee." Govt. Code § 12940(m).

28   ///

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

55. NISSAN at all times material herein was LANTZ's employer pursuant to Govt. Code § 12926(d), and was therefore required to make reasonable accommodation for his disability, which was known by NISSAN. Govt. Code § 12940(k). Nevertheless, NISSAN failed to do so.

56. Wherefore, LANTZ has been damaged as more fully set forth herein and requests relief as hereafter stated.

## FIFTH CAUSE OF ACTION
### [Interference with/Violation of FMLA]

57. Plaintiff LANTZ hereby incorporates each of the foregoing paragraphs to the same extent as though fully set forth herein. As a Fifth Cause of Action, Plaintiff LANTZ complains against NISSAN and for a cause of action alleges:

58. At all relevant times, 29 USC § 2615(a)(1), 29 USC § 2617(a) and 29 CFR § 825.220(a)(1) were in full force and effect and were binding upon NISSAN. These statutes required NISSAN to refrain from interfering with an employee who is qualified and seeks to take medical leave pursuant to the Family and Medical Leave Act ("FMLA") (29 USC § 2601, *et seq.*)

59. When LANTZ made a request to take time off from work for his serious medical condition, as recommended by qualified health care professionals, NISSAN wrongfully refused LANTZ's request for medical leave.

60. NISSAN further violated LANTZ's rights under FMLA by terminating LANTZ's employment shortly after he requested leave under FMLA, in retaliation for having taken and/or requested that leave.

61. Wherefore, LANTZ seeks recovery of damages as more fully set forth herein.

## SIXTH CAUSE OF ACTION
### [Violation of California Family Leave Act]

62. Plaintiff LANTZ hereby incorporates each of the foregoing paragraphs to the same extent as though fully set forth herein. As a Sixth Cause of Action, Plaintiff LANTZ complains against NISSAN and for a cause of action alleges:

63. California Govt. Code § 12945.2 grants employees the right to take up to 12 workweeks of leave in any 12-month period for a serious health condition of the employee that prevents the

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

COMPLAINT                                                                                    9

1    employee from working. That section further makes it unlawful for an employer to discriminate

2    against an employee for an exercise of the employee's rights under CFRA. The law further

3    prohibits employers from retaliating against employees for exercising their right to protected leave

4    under CFRA.

5         64.  NISSAN violated LANTZ's rights under CFRA by denying LANTZ time off for

6    medical leave. Further, NISSAN terminated LANTZ's employment in retaliation for having taken

7    that leave.

8         65.  Wherefore, LANTZ sustained damages legally caused by these wrongful acts of

9    NISSAN, as more fully set forth herein.

10                              **SEVENTH CAUSE OF ACTION**
                                      **[Retaliation]**

11

12        66.  Plaintiff LANTZ hereby incorporates each of the foregoing paragraphs to the same

13   extent as though fully set forth herein. As a Seventh Cause of Action, Plaintiff LANTZ complains

14   against NISSAN and for a cause of action alleges:

15        67.  Both the ADA and the FEHA prohibit retaliation, even where a plaintiff is judged not to

16   be a qualified individual with a disability. The ADA prohibits discrimination against any individual

17   because such individual has opposed any act or practice made unlawful by the ADA. 42 USC

18   § 12203. The FEHA prohibits retaliation against an employee for opposing any practice forbidden

19   by FEHA including discrimination because of disability. Govt. Code § 12940(h).

20        68.  The federal Occupational Safety and Health Act of 1970 (OSHA) (29 USC §§ 651-678)

21   prohibits retaliation for complaints about workplace safety. The California Occupational Safety and

22   Health Act of 1973 protects employees who complain about workplace safety. Employees who

23   make oral or written complaints about workplace safety to a government agency or to an employer,

24   or who initiates proceedings under Cal/OSHA, may not be discharged or discriminated against

25   because of such complaints. Labor Code § 6310.

26        69.  An employer may not retaliate against an employee for disclosing information to a

27   government or law enforcement agency, where the employee has reasonable cause to believe that

28   ///

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

1  the information discloses a violation of state or federal statute, or a violation or noncompliance with

2  a state or federal rule or regulation. Labor Code § 1102.5(a), (b).

3      70.  Under the FMLA, employers are prohibited from retaliating against an employee who

4  exercises or attempts to exercise FMLA rights. 29 U.S.C. § 2615(a)(2).

5      71.  LANTZ engaged in protected activities by reporting hazardous working conditions to

6  Cal/OSHA, taking time off from work to have knee surgery, for other necessary medical treatments,

7  and requesting medical leave.

8      72.  NISSAN retaliated against LANTZ for these protected activities.

9      73.  Wherefore, LANTZ has been damaged as more fully set forth herein and requests relief

10  as hereafter stated.

11
### EIGHTH CAUSE OF ACTION
### [Wrongful Termination in Violation of Public Policy]
12

13      74.  Plaintiff LANTZ hereby incorporates each of the foregoing paragraphs to the same

14  extent as though fully set forth herein.  As an Eighth Cause of Action, Plaintiff LANTZ complains

15  against NISSAN and for a cause of action alleges:

16      75.  Public policy found in state and federal law requires that employers shall not

17  discriminate or retaliate against an employee on the basis of the employee's disability, perceived

18  disability, or request for reasonable accommodation. Violations of the ADA and FEHA can support

19  a wrongful termination in violation of public policy claim.  42 USC §§ 12101-12213.  Govt. Code

20  §§ 12940, *et seq*., and § 12945.2.  Interference with, or retaliation for taking leave protected by

21  CFRA and FMLA may also serve as the predicate public policy. Govt. Code § 12945.2.  These

22  policies are fundamental, substantial, and well-grounded in State and federal statutes.

23      76.  Public policy is likewise embodied in Cal/OSHA which prohibits employers from

24  retaliating against employees who make good-faith complaints about workplace safety or health.

25  Plaintiff LANTZ did in fact make such a good faith complaint regarding unsafe working conditions

26  and an unsafe workplace. Plaintiff LANTZ was exposed to unsafe conditions in his place of

27  employment and his complaints were related to employee safety, satisfying the requirements of

28  ///

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

1  federal OSHA and California Labor Code §§ 6310-6312. Because these complaints led to a

2  retaliatory discharge, LANTZ was terminated in violation of the public policy.

3      77.  Federal safety regulations promulgated to address important public safety concerns may

4  serve as a source of fundamental public policy because such regulations satisfy the requirement that

5  the action be tethered to fundamental policies delineated in a statutory or constitutional provision.

6  Retaliation or discrimination against an employer per for exercising rights under the federal

7  Occupational Safety and Health Act of 1970 (OSHA) (29 USC §§ 651-678) is against public policy.

8      78.  In discharging LANTZ, NISSAN violated the fundamental, substantial and well-

9  established public policies embodied in these statutes.

10      79.  LANTZ has suffered damages legally caused by the aforementioned wrongful conduct

11  of NISSAN, as more fully set forth herein.

12

**NINTH CAUSE OF ACTION**
**[California Labor Code Violations]**

13

14      80.  Plaintiff LANTZ hereby incorporates each of the foregoing paragraphs to the same

15  extent as though fully set forth herein.  As a Ninth Cause of Action, Plaintiff LANTZ complains

16  against NISSAN and for a cause of action alleges:

17      81.  California Labor Code (CLC) §§ 510, 553, 558; and Industrial Welfare Commission

18  (IWC) Wage Order No. 16-2001 require that employees be paid for all time worked, including

19  travel time.  CLC §§ 510, 553, 558, 1194 and IWC Wage Order No. 16-2001 require that

20  employees be paid at overtime rates for hours worked in excess of eight hours a day; 40 hours a

21  week.  CLC §§ 201, 202, 203 and 2926 require that employees be paid all wages owing at the time

22  of termination.  CLC §§ 226, 1174 and IWC Wage Order No. 16-2001 require that employers

23  maintain accurate time records properly accounting for all time worked by employees.

24      82.  CLC §§ 510, 512, 553, 558 and IWC Wage Order No. 16-2001 require that meal

25  periods be made available to employees working full-time shifts.  CLC § 226.7 and IWC Wage

26  Order No. 16-2001 require employers to provide rest periods during morning and afternoon shifts.

27  ///

28  ///

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

83.   LANTZ was not permitted to take uninterrupted meal and rest breaks.  He was not paid for all hours worked.  He was misclassified as exempt under California Law and not paid overtime wages.  LANTZ was not paid all wages owing when he was terminated.

84.   CLC § 2802 and IWC Wage Order No. 16-2001 require that employees be reimbursed for business expenses necessarily incurred in performing work for employers.

85.   The aforementioned Labor Code violations subject NISSAN to civil penalties and misdemeanors as prescribed by CLC §§ 226.3, 226.6, 553, 558, 1174.5, 1175, 1197.1, 1199; and IWC Wage Order No. 16-2001.

86.   LANTZ has suffered damages legally caused by NISSAN's acts as alleged herein as more fully set forth below in the section entitled "DAMAGES," which is incorporated to the same extent as though fully set forth herein.

### TENTH CAUSE OF ACTION
### [Unfair Business Practices]

87.   Plaintiff LANTZ hereby incorporates each of the foregoing paragraphs to the same extent as though fully set forth herein.  As a Tenth Cause of Action, Plaintiff LANTZ complains against NISSAN and for a cause of action alleges:

88.   NISSAN, in committing the acts alleged in this Complaint, violated California Business & Professions Code § 17200, et seq., by engaging in unlawful, unfair and fraudulent business acts and practices.  NISSAN's acts constitute dishonest, deceptive, oppressive, unfair and destructive conduct.

89.   As a result of NISSAN's acts and/or practices as alleged herein, LANTZ has no adequate or complete remedy as NISSAN continues to engage in said alleged acts and/or practices, therefore, LANTZ requests that NISSAN, its agents, employees and those acting in concert with NISSAN be permanently enjoined from engaging in the unlawful conduct, unfair and fraudulent acts and/or practices, policies and customs as set forth herein.

90.   The conduct of NISSAN constitutes unlawful, unfair and fraudulent acts and/or practices in violation of Cal. Bus. & Prof. Code § 17200, et seq., and on account thereof, Plaintiff seeks restoration of money or property acquired by such unlawful, unfair and/or fraudulent acts.

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

COMPLAINT                                                                                    13

1    91.  As a direct consequence of NISSAN's unlawful acts, LANTZ has suffered and

2  continues to suffer lost earnings, job benefits, and medical expenses.  In addition, LANTZ has

3  suffered and continues to suffer humiliation, embarrassment, loss of employability, mental and

4  emotional distress, etc.

5    92.  LANTZ has suffered damages legally caused by NISSAN's acts as alleged herein as

6  more fully set forth below in the section entitled "DAMAGES," which is incorporated to the same

7  extent as though fully set forth herein.

8                                           **DAMAGES**

9    93.  As a legal and proximate result of the aforementioned conduct of NISSAN, Plaintiff

10  LANTZ has suffered and continues to suffer economic loss according to proof.

11    94.  As further legal and proximate result of NISSAN's conduct as set forth herein, LANTZ

12  has suffered non-economic loss according to proof.

13    95.  LANTZ has incurred, and continues to incur, legal expenses and attorneys' fees, and is

14  entitled to an award of attorneys' fees and costs pursuant to the ADA (42 USC §§ 12205, 2000e-

15  5(k)); the FMLA (29 USC § 2617(a)(3); the FEHA (Govt. Code §§ 12987(a)(3) and 12965(b)); and

16  California Labor Code §§ 98.2(c), 218.5, and 1194(a).

17    96.  Through the unlawful conduct alleged above, NISSAN acted oppressively, fraudulently,

18  maliciously, in willful and conscious disregard of LANTZ's rights, and with the intention of

19  causing, or in reckless disregard of the probability of causing injury to LANTZ. Defendant

20  NISSAN's owner was informed of the oppressive, fraudulent and malicious conduct, and ratified,

21  approved and authorized that conduct. Accordingly, Plaintiff LANTZ is entitled to punitive and

22  exemplary damages according to proof.

23    97.  NISSAN has been unjustly enriched by its Unfair Business Practices.

24                                  **PRAYER FOR RELIEF**

25    WHEREFORE, Plaintiff prays for judgment as follows:

26    1.  For compensatory damages according to proof;

27    2.  For punitive damages according to proof;

28    3.  For disgorgement of profits according to proof;

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

COMPLAINT                                                                          14

1    4.  For costs of suit herein incurred;

2    5.  For attorneys' fees and costs herein incurred; and,

3    6.  For such other and further relief as the Court may deem proper.

4    Dated: ___5 J /₋ 7___, 2013        LYNCH, GILARDI & GRUMMER, APC

5

6                                        By: _____
                                              Ronald J. Souza
7                                             Bruce E. Weisenberg
                                         Attorneys for Plaintiff
8                                        BRIAN LANTZ

9                          **DEMAND FOR JURY TRIAL**

10    Plaintiff LANTZ demands trial of all issues by jury.

11    Dated: ___July 7___, 2013          LYNCH, GILARDI & GRUMMER, APC

12

13                                       By: _____
                                              Ronald J. Souza
14                                       Attorneys for Plaintiff
                                         BRIAN LANTZ

15    238201.doc

16

17

18

19

20

21

22

23

24

25

26

27

28

Lynch, Gilardi
& Grummer
170 Columbus Ave.
Fifth Floor
San Francisco, CA
94133
Ph (415) 397-2800
Fax (415) 397-0937

COMPLAINT                                                              15

EXHIBIT A



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**San Francisco District Office**

350 The Embarcadero, Suite 500
San Francisco, CA 94105
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
San Francisco Status Line: (866) 408-8075
San Francisco Direct Dial: (415) 625-5602
TTY (415) 625-5610
FAX (415) 625-5609

EEOC Charge Numbers 550-2010-01060 and 550-2011-00506

Brian Lantz
2123 Firwood Avenue
Santa Rosa, CA 95403                                    Charging Party

Empire Nissan of Santa Rosa
1275 Santa Rosa Avenue
Santa Rosa, CA 95404                                    Respondent

## DETERMINATION

Under the authority vested in me by the Commission, I issue the following determination as to the merits of the subject charge filed under the Americans with Disabilities Act of 1990, as amended ("ADA").

The Respondent is an employer within the meaning of the ADA. Timeliness, deferral and all other requirements for coverage have been met.

The Charging Party alleges that the Respondent has subjected him to discrimination based upon his disability and retaliated against him for engaging in protected activities. Specifically, the Charging Party alleges that he was subjected to harassment, denied benefits, unfairly disciplined, demoted, denied a reasonable accommodation, and was discharged. Furthermore, the Charging Party alleges that the Respondent has a policy that precludes employees from returning to work unless they can do so without restriction.

The Respondent denies that it discriminated against the Charging Party because of his disability or in retaliation for engaging in protected activities. The Respondent states that granting the Charging Party the requested reasonable accommodation would produce an undue hardship. As a result, the Respondent discharged the Charging Party.

Based on the evidence of record, I find that the Respondent did deny the Charging Party a reasonable accommodation and discharged him in retaliation for engaging in protected activities and because of his disability.

I am unable to conclude that the Respondent harassed, denied benefits, unfairly disciplined, or demoted the Charging Party because of his disability or in retaliation for engaging in protected

Determination
EEOC Charge No.: 550-2010-01060 and 550-2011-00506
Page 2

activities. Additionally, I am unable to conclude that the Respondent has a policy that precludes employees from returning to work unless they can do so without restriction.

Section 706(b) of Title VII of the Civil Rights Act of 1964, as amended, as incorporated by reference in Section 107 (a) of Title I of the Americans with Disabilities Act, as amended, requires that if the Commission determines that there is reasonable cause to believe that the charge is true, it shall endeavor to eliminate the alleged unlawful employment practice by informal methods of conference, conciliation and persuasion. Having determined that there is reasonable cause to believe that the charge is true, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter.

Disclosure of information obtained by the Commission during the conciliation process will be made in accordance with Section 706(b) of Title VII and Section 1601.26 of the Commission's Procedural Regulations. Where the Respondent declines to enter into settlement discussions, or when the Commission's representative for any other reason, is unable to secure a settlement acceptable to the District Director, the Director shall so inform the parties in writing and advise them of the court enforcement alternative available to the Charging Party and the Commission.

You are reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law. Discrimination against persons who have cooperated in Commission investigations is also prohibits. These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission,

9-14-12
_____
Date

Michael Baldonado
District Director